PENNWALT CORPORATION,
Plaintiff-Appellee,

v.

DURAND–WAYLAND, INC., Defendant;

Sunkist Growers, Inc., Non-Party
Appellant.

No. 82–5897.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted May 4, 1983.

Decided June 16, 1983.

As Amended on Denial of Rehearing
Sept. 12, 1983.

William K. Rieber, Fulwider, Patton, Rieber, Lee & Utecht, Los Angeles, Cal., for non-party appellant.

Richard Goette, McCutchen, Black, Verleger & Shea, Los Angeles, Cal., for plaintiff-appellee.

Before WRIGHT and SCHROEDER, Circuit Judges, and REED,* District Judge.

EUGENE A. WRIGHT, Circuit Judge:

Sunkist Growers, Inc., a nonparty in the underlying action, appeals from a district court order that it pay $9,000 in attorney fees to Pennwalt Corporation for failure to comply with a subpoena duces tecum. We conclude that the sanction was not proper under Fed.R.Civ.P. 45, because Sunkist had objected to discovery of the subpoenaed material and the district court had not ordered it to comply. Nor had the district court held a hearing to consider Sunkist's objections to the propriety and reasonableness of the fee award.

* Of the District of Nevada.

## FACTS

In the underlying action, Pennwalt sued Durand-Wayland, Inc. in the Northern District of Georgia for patent infringement.[1] Durand-Wayland counterclaimed, asserting ownership of the patent by assignment from Sunkist.

Sunkist formerly employed a co-inventor of the patent, George A. Mills, and contractually retained ownership of inventions developed during his employment. Durand-Wayland believed that Mills had developed a similar device as a Sunkist employee, giving Sunkist a claim to the patent. It obtained a quitclaim assignment of any interest Sunkist had in the patent, promising to reconvey to Sunkist any rights in the patent it acquired in the Georgia action.

As part of the Georgia proceedings, attorneys for both parties came to California. Pennwalt served Sunkist and Sunkist's outside patent counsel, William Rieber, with subpoenas duces tecum, seeking documents from their files that it contended were relevant to the Georgia action.[2]

Sunkist moved in the Central District of California to quash the subpoenas, arguing that they were overbroad, that much of the material sought was irrelevant, and that a protective order issued by the Georgia court was inadequate. The district judge denied the motion, saying:

> The motion is denied without prejudice to the question of admissibility or producibility of the documents set forth in the subpoena duces tecum.

Sunkist designated Rieber as its representative for discovery purposes. When Pennwalt deposed him, he produced some documents but testified that he had not searched either his files or Sunkist's. He later produced some documents from his files but indicated that no search had been made of Sunkist's.

Dissatisfied with Rieber's response, Pennwalt moved for an order compelling discovery. The court scheduled a hearing, but ordered Pennwalt and Sunkist to attempt to resolve their differences. After numerous meetings, the parties stipulated that "[c]ounsel were unable to resolve their dispute as to the documents possibly within the possession and control of Sunkist as distinguished from its outside patent counsel."

On the day of the hearing, Sunkist submitted an undisputed affidavit verifying that its files had been searched and that no further responsive unprivileged documents had been located. The judge denied Pennwalt's motion to compel as moot. However, he indicated that, but for the affidavit, he would have granted the motion. Pennwalt's attorney argued that Sunkist should pay Pennwalt's counsel fees. The court invited him, despite Sunkist's objections, to submit an affidavit regarding the expense of seeking compliance with the subpoenas, stating, "File the affidavit and you [Sunkist] can respond to that."

Pennwalt later filed a proposed order with an affidavit indicating that it had been billed $9,000 to seek enforcement of the subpoena. Within an hour after Sunkist filed a 70-page opposition, the judge signed and filed Pennwalt's order awarding $9,000 "as costs incurred in connection with its motion to compel production of docu-

---

1. The patented device, called an "electro-mechanical grader," is used to inspect and grade produce automatically.

2. Specifically, Pennwalt sought documents in four overlapping categories: (1) documents relating to the quitclaim assignment from Sunkist to Durand-Wayland; (2) documents relating to the contemporaneous letter agreement between Sunkist and Durand-Wayland; (3) documents relating to the subject matter of the quitclaim assignment or the letter agreement or to related activity; and (4) documents relating to any review or investigation by Sunkist of the underlying patent before September 1981.

ments." Sunkist's motion to reconsider or vacate the award was denied.[3]

DISCUSSION

(a) *Rule 45*

■ The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45(f).[4] *Fisher v. Marubeni Cotton Corp.,* 526 F.2d 1338, 1341 (8th Cir.1975). Rule 45(f) provides:

> *Contempt.* Failure by any person without adequate excuse to obey a subpoena served upon him may be deemed a contempt of the court from which the subpoena issued.

Sunkist relies on Rule 45(d)(1) which, it contends, does not permit the imposition of sanctions for failure to comply with a subpoena duces tecum unless the court has previously ordered compliance.

Rule 45(d)(1) says in part:

> The person to whom the subpoena is directed may, within 10 days after the service thereof or on or before the time specified in the subpoena for compliance if such time is less than 10 days after service, serve upon the attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy

the materials except pursuant to an order of the court from which the subpoena was issued.

Sunkist did not serve Pennwalt with a separate "written objection" to the subpoena. It did, however, file a motion to quash on the grounds of relevance and confidentiality. That motion was served on Pennwalt, and it should be construed as the "written objection" called for by the Rule.

Having objected, Sunkist was not obligated to produce the subpoenaed documents, or even to search for them, until Pennwalt obtained an order directing compliance. The order denying the motion to quash was not such an order. In denying the motion "without prejudice to the question of . . . producibility of the documents," the court left undecided the question whether documents were discoverable.

Because Pennwalt failed to obtain an order directing compliance with its subpoena duces tecum, Sunkist's noncooperation could not be deemed a contempt under Rule 45(f).[5]

■ Pennwalt argues that the award was proper under the court's "inherent power" to impose sanctions for abuse of the judicial process. The Supreme Court, however, has stated that such an award is proper only when the litigant has acted in bad faith. *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). A finding to that effect is required. *Id.* at 767, 100 S.Ct. at 2464.

3. Orders imposing sanctions on nonparties for failure to comply with discovery are considered final for purposes of appeal. *Liew v. Breen,* 640 F.2d 1046, 1048 (9th Cir.1981); *David v. Hooker, Ltd.,* 560 F.2d 412, 415 (9th Cir.1977).

4. Rule 37, which authorizes the imposition of sanctions for failure to comply with discovery in several contexts, is inapplicable.

Rule 37(a)(4) authorizes an award of expenses, including attorney fees, for a motion to compel discovery. It applies, however, to motions to compel parties to produce documents (under Rule 34), and motions to compel nonparties to attend depositions, but not motions to compel nonparties to produce documents. Moreover, it applies only to successful motions to compel. Rule 37(b)(1) states that a deponent who fails to be sworn or to answer a question after being ordered to do so may be cited for contempt. Rule 37(b)(2) permits the main forum to im-

pose sanctions, including an attorney fee award, on a party who violates a court order. These provisions are inapplicable because Sunkist's representative did not fail to be sworn or answer at depositions, this was an ancillary forum, Sunkist was a nonparty, and it violated no court order.

Similarly, Rule 37(d), which authorizes an award, is inapplicable because it addresses only a party's failure to appear at his own deposition.

5. As Pennwalt argues, a subpoena duces tecum is itself a court order, and noncompliance may warrant contempt sanctions. Once the person subpoenaed objects to the subpoena, however, the provisions of Rule 45(d) come into play. Then the party seeking discovery must obtain a court order directing compliance.

Although Sunkist's refusal to search its files may have been prompted by bad faith, the record does not so indicate. Sunkist's stance of noncompliance could as easily have been based on a sincere belief in the propriety of its position. Its concession that it had no interest in the patent suggests that its efforts to protect the confidentiality of its files did not reflect bad faith.

(b) *Requirement of a Hearing*

Sunkist argues that the district court erred by imposing the sanction without a hearing on the propriety or the reasonableness of the fee award. This argument also has merit.

The contempt sanction here was civil, not criminal, because it was designed solely to compensate Pennwalt. *See Falstaff Brewing Corp. v. Miller Brewing Co.,* 702 F.2d 770, 778 (9th Cir.1983).

Pennwalt's argument that the hearing requirement is satisfied by the submission of opposing memoranda is wrong. In this circuit a civil contempt proceeding is "a trial within the meaning of Fed.R.Civ.P. 43(a) rather than a hearing on a motion within the meaning of Fed.R.Civ.P. 43(e)[;] ... the issues may not be tried on the basis of affidavits." *Hoffman v. Beer Drivers & Salesman's Local Union No. 888,* 536 F.2d 1268, 1277 (9th Cir.1976).

CONCLUSION

The order awarding attorney fees is reversed.