12 F.3d 1107
 73 A.F.T.R.2d 94-567
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Paul B. PALMER, Jr., Plaintiff-Appellant,
v.
Maurice O. ELLSWORTH; Robert L. Higgins; Stanley O. Leake;
Mikel Williams, U.S. Magistrate; Harold L. Ryan,
Chief Judge, U.S. District Court;
Michael Griffen, Defendants-Appellees.
 No. 93-35406.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1993.*
Decided Dec. 1, 1993.
 
 Before: SCHROEDER, D.W. NELSON, and THOMPSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Paul B. Palmer, Jr. appeals pro se the district court's dismissal of his action against Internal Revenue Service ("IRS") agents Robert L. Higgins and Stanley O. Leake, Assistant U.S. Attorney Daniel L. Hawkley, U.S. Attorney Maurice O. Ellsworth, U.S. Magistrate Judge Mikel Williams, U.S. District Court Judge Harold L. Ryan, and others arising from an attempted service of notice of seizure for Palmer's outstanding tax liability and his subsequent indictment and conviction on criminal charges. Palmer contends that the district court erred by dismissing his case with prejudice[1] after (1) partially granting Higgins, Leake, and Hawkley's July 1989 motion to dismiss, (2) granting Higgins' August 1989 motion for a protective order, (3) granting Hawkley, Ellsworth, Williams and Ryan's September 1989 motion for attorney's fees, (4) denying Palmer's December 1991 motion to compel, and (5) denying Palmer's February and March 1992 motions to revise the district court's August 16, 1989 and November 3, 1989 judgments.[2] We have jurisdiction under 28 U.S.C. Sec. 1291, and we affirm.
 
 
 3
 * Partial Dismissal for Failure to State a Claim
 
 
 4
 Palmer contends that the district court erred by partially granting Higgins, Leake, and Hawkley's Fed.R.Civ.P. 12(b)(6) motion to dismiss.[3] Further, Palmer argues that if he failed to state a claim against these defendants, it was because the district court improperly dismissed his claims before discovery occurred.
 
 
 5
 A dismissal for failure to state a claim is reviewed de novo, and the review is limited to the complaint's contents, taking the allegations of material facts as true and construing them in the light most favorable to the non-moving party. Buckey v. County of Los Angeles, 968 F.2d 791, 793-94 (9th Cir.), cert. denied, 113 S.Ct. 599, 600 (1992). A court must liberally construe a pro se plaintiff's civil rights claim. King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). A dismissal should not be upheld unless it appears beyond doubt that the plaintiff can prove no set of facts supporting the claim. Buckey, 968 F.2d at 794.
 
 
 6
 A. Dismissal of Claims Against Higgins and Leake
 
 
 7
 Palmer contends that the district court erred by dismissing count I of his amended complaint on qualified immunity grounds because he stated a claim against Higgins and Leake by alleging that they entered his property with a notice of seizure based on an invalid notice of assessment in violation of his Fourth and Fifth Amendments rights. Palmer's allegations were based on Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388 (1971).
 
 
 8
 Under Bivens, a person can be held liable for acts under color of federal law which deprive another of a constitutional right. 403 U.S. at 397. Federal officers, however, are entitled to qualified immunity from a Bivens claim if their conduct does not violate a "clearly established" constitutional right of which a reasonable person would have known. See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). Until this qualified immunity question is resolved, discovery need not be allowed. Id.
 
 
 9
 Here, Palmer failed to allege an act by Higgins and Leake that violated a clearly established constitutional right. First, taking as true Palmer's allegation that his tax assessment was invalid, Higgins and Leake did not violate Palmer's Fifth Amendment due process right by attempting to serve him with a notice of seizure. See Todd v. United States, 849 F.2d 365, 369 (9th Cir.1988). Congress has provided a remedy for challenging tax assessments that satisfies due process. See id.; 26 U.S.C. Sec. 6213. Second, assuming Higgins and Leake entered Palmer's property as he alleged, Palmer has not stated a violation of a clearly established Fourth Amendment right; he did not claim that the agents entered an area in which a reasonable expectation of privacy existed or seized property under circumstances requiring a search warrant. See G.M. Leasing Corp. v. United States, 429 U.S. 338, 358-59 (1977); Maisano v. Welcher, 940 F.2d 499, 502-03 (9th Cir.1991), cert. denied, 112 S.Ct. 1957 (1992). Thus, the district court properly found that Palmer's claims against Higgins and Leake were barred by qualified immunity.
 
 B. Dismissal of Claims Against Hawkley
 
 10
 Palmer contends that the district court erred by dismissing count V of his amended complaint against Hawkley on absolute-immunity grounds. Palmer argues that he stated a claim against Hawkley by alleging that Hawkley procured a criminal indictment against him through the use of false testimony and fraudulent representations in violation of his Fourth, Fifth, and Tenth Amendment rights.
 
 
 11
 Absolute prosecutorial immunity exists where a prosecutor acts within the scope of his authority and in a quasi-judicial capacity. See Imbler v. Pachtman, 424 U.S. 409, 430-31 (1976). A prosecutor acts within the scope of his authority when he performs acts connected with general matters committed to his supervision and is within his quasi-judicial capacity when functioning as an advocate. Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 678 (9th Cir.1984). Initiating a prosecution is an act within the scope of a prosecutor's authority, and where the ultimate act is within the scope of authority, a prosecutor is absolutely immune from liability, regardless of intent or bad faith. Ashelman v. Pope, 793 F.2d 1072, 1077-78 (9th Cir.1986).
 
 
 12
 Here, Hawkley was responsible for obtaining the criminal indictment against Palmer. In the course of seeking the indictment, he called witnesses and presented evidence. Because these acts were within the scope of his authority as prosecutor and were quasi-judicial in nature, we conclude that the district court correctly found that Hawkley was absolutely immune from Palmer's Bivens claims. See Ybarra, 723 F.2d at 678-79.
 
 II
 Motion for Protective Order
 
 13
 Palmer contends that the district court erred by granting Higgins' August 1989 protective order motion staying all discovery pending the resolution of Higgins' summary judgment motion. We review a district court's grant of a protective order for an abuse of discretion. Beckman Indus., Inc. v. International Ins. Co., 966 F.2d 470, 472 (9th Cir.), cert. denied, 113 S.Ct. 197 (1992).
 
 
 14
 A district court enjoys broad discretion in controlling discovery. Little v. City of Seattle, 863 F.2d 681, 685 (9th Cir.1988). For "good cause," a district court can issue a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden on expense." Fed.R.Civ.P. 26(c). A district court has discretion to grant a protective order pending the resolution of a qualified immunity issue. Maraziti v. First Interstate Bank, 953 F.2d 520, 526 (9th Cir.1992). Whether a plaintiff failed to show a "clearly established" violation of his constitutional rights is a question of law. Therefore, there is no reason to allow discovery on ancillary factual issues until the qualified immunity issue is decided. Id. at 523.
 
 
 15
 On August 16, 1989, the district court dismissed counts I, II, and III of Palmer's amended complaint, but left counts IV and VIII to be decided later as part of a pending summary judgment motion. Because the qualified immunity question was not resolved as to the remaining counts, the court did not abuse its discretion by granting Higgins a protective order until the summary judgment was decided. See Maraziti, 953 F.2d at 523.
 
 III
 Attorney's Fees Award
 
 16
 Palmer contends that the district court abused its discretion by ordering him to pay $3,056.25 to Hawkley, Ellsworth, Williams, and Ryan, the amount of attorney's fees accrued in defending against Palmer's action. We may affirm the district court on any basis supported by the record. United States v. Washington, 969 F.2d 752, 755 (9th Cir.1992), cert. denied, 113 S.Ct. 1945 (1993). We construe the district court's order as an award of sanctions under Rule 11 and review for an abuse of discretion. Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 405 (1990); United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244, 248 (9th Cir.1992).
 
 
 17
 Rule 11 provides that an unrepresented party must sign any paper filed with the court to certify that to the best of his "knowledge, information, and belief formed after reasonable inquiry it is well grounded in fact ... and that it is not interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation." Fed.R.Civ.P. 11. If a pleading is signed in violation of Rule 11, the court can impose sanctions on the signer. Id. The standard to determine whether Rule 11 has been violated is objective reasonableness. Business Guides, Inc. v. Chromatic Communications Enters., Inc., 498 U.S. 533, 550-51 (1991).
 
 
 18
 While the district court may impose Rule 11 sanctions against a pro se litigant for filing a frivolous claim, the court must construe pro se pleadings liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972); Cook v. Peter Kiewit Sons Co., 775 F.2d 1030, 1037 & n. 13 (9th Cir.1985), cert. denied, 476 U.S. 1183 (1986). Nonetheless, sanctions are permitted where a pro se litigant has filed a lawsuit in bad faith or for vexatious purposes, including bringing an action "against officers of the court and other officials for lawfully exercising their constitutional and statutory duties during the pendency" of a prior action. See Cook, 775 F.2d at 1036-37.
 
 
 19
 Here, Palmer's amended complaint sought damages from Hawkley, Ellsworth, Williams, and Ryan for actions they took as prosecutors, magistrate judge, and district court judge respectively in an earlier criminal proceeding against him. Finding that these defendants acted within the scope of their authority, the district court dismissed them from Palmer's amended complaint on grounds of absolute immunity. Because Palmer sought damages for acts on the part of these defendants that were entirely within the scope of their lawful duties and occurred during the pendency of the previous criminal action, the district court reasonably concluded that Palmer acted in bad faith in filing his action against these defendants. See id.; Business Guides, 498 U.S. at 550-51. Thus, the district court did not abuse its discretion by ordering Palmer to pay sanctions to these defendants. See Cooter, 496 U.S. at 405.
 
 IV
 Motion to Compel
 
 20
 Palmer contends that the district court erred by denying his December 1991 motion to compel discovery after (1) Higgins and Leake failed to produce documents in compliance with a discovery request and (2) the "Secretary" of the IRS failed to attend a deposition and to produce tax assessment documents pursuant to a subpoena issued under Fed.R.Civ.P. 45. This court reviews a district court's rulings concerning discovery for an abuse of discretion. United States v. Bourgeois, 964 F.2d 935, 937 (9th Cir.), cert. denied, 113 S.Ct. 290 (1992).
 
 
 21
 Under Fed.R.Civ.P. 37(a)(2), a party can move for an order compelling discovery if another party fails to produce documents. The documents requested must be relevant to the subject matter in the pending action, such that they are "reasonably calculated to lead to the discovery of admissible evidence." See Fed.R.Civ.P. 34(a), 26(b)(1). Although relevance has a broad meaning, it is a question for the district court. Heathman v. United States Dist. Court, 503 F.2d 1032, 1035 (9th Cir.1974). If the documents requested fall outside the scope of discovery, a district court should deny a motion to compel. See Nugget Hydroelectric, L.P. v. Pacific Gas & Elec. Co., 981 F.2d 429, 438-39 (9th Cir.1992), cert. denied, 113 S.Ct. 2336 (1993).
 
 
 22
 Here, Palmer requested that Higgins[4] and Leake produce (1) a delegation of authority from the IRS, (2) documentation supporting the notice of seizure, and (3) any Justice Department news release relating to Palmer. To the extent that Palmer requested Leake be compelled to produce documents, the issue was moot.[5] See Murphy v. Hunt, 455 U.S. 478, 481 (1982) (matter is moot when the issues are no longer "live" and parties lack cognizable interest in outcome). As for Higgins, at the time of the hearing on the motion, only count IV of Palmer's amended complaint remained to be decided, and Higgins' motion for summary judgment on this count was pending. Resolution of count IV rested on whether qualified immunity applied to Higgins. A district court has discretion to suspend discovery until a qualified immunity issue is resolved. See Maraziti, 953 F.2d at 523. Thus, the district court did not abuse its discretion by denying Palmer's motion to compel Higgins to produce documents irrelevant to the resolution of the qualified immunity issue. See Nugget Hydroelectric, 981 F.2d at 438-39; Bourgeois, 964 F.2d at 937.
 
 
 23
 Under Fed.R.Civ.P. 45(a), a party can obtain a subpoena for the production of documents and the deposition of a non-party. A person objecting to such a subpoena must do so in writing within fourteen days of service. Fed.R.Civ.P. 45(c)(2)(B). Although a subpoena is a court order, once a person objects to the subpoena, the party seeking to enforce the subpoena must seek a court order directing compliance. See Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n. 5 (9th Cir.1983).
 
 
 24
 Here, Palmer obtained a subpoena from the district court calling for a December 19, 1991 deposition and the production of tax assessment documents by the "Secretary" of the IRS. Because a motion to quash the deposition and document production was timely brought, the IRS's failure to comply with the subpoena was not actionable absent a court order. See id. Because only count IV of Palmer's amended complaint remained and Higgins' motion for summary judgment on this count was pending, the district court did not abuse its discretion by denying Palmer's motion to compel the IRS to comply with his subpoena because the deposition and documents requested were irrelevant to the resolution of the qualified immunity issue. See Nugget Hydroelectric, 981 F.2d at 438-39; Bourgeois, 964 F.2d at 937.
 
 V
 
 25
 Motions to Revise District Court's Judgments
 
 
 26
 Palmer contends that the district court erred by denying (1) his February 1992 motion to revise the court's November 3, 1989 judgment dismissing the unnamed "Does" from his amended complaint, and (2) his March 1992 motion to revise the court's August 16, 1989 judgment dismissing counts I, II, III, and V of his amended complaint.[6]
 
 
 27
 A Rule 59(e) motion must be made within ten days of the entry of judgment. Fed.R.Civ.P. 59(e). A motion for relief from judgment under Rule 60(b) must be made within a year of judgment when brought on grounds of (1) mistake, inadvertence, surprise, or excusable neglect, (2) newly discovered evidence, or (3) fraud, misrepresentation, or other misconduct of an adverse party.
 
 
 28
 Here, the district court correctly concluded that Palmer's motions to revise earlier judgments were untimely. Because Palmer filed both motions over two years after the decisions he sought to revise, both motions were untimely under Rules 59(e) and 60(b), and the district court lacked jurisdiction to consider the motions. See Fed.R.Civ.P. 59(e), 60(b); Carter v. United States, 973 F.2d 1479, 1488 (9th Cir.1992) ("district court has no discretion to consider a late rule 59(e) motion"); Nevitt v. United States, 886 F.2d 1187, 1188 (9th Cir.1989).
 
 VI
 Appellate Sanctions
 
 29
 The appellees request that this court impose sanctions against Palmer for his "vexatious and harassing" appeal which is "wholly meritless" and imposed "undue burden on the parties." This court has discretion to impose sanctions for bringing a frivolous appeal, even where a litigant is pro se. 28 U.S.C. Sec. 1912; Fed.R.App.P. 38; Urban v. Commissioner, 964 F.2d 888, 890 (9th Cir.1992). As appeal is frivolous "if the result is obvious, or the arguments of error are wholly without merit." Wilcox v. Commissioner, 848 F.2d 1007, 1009 (9th Cir.1988). This court does not impose sanctions lightly as it is aware that an appeal that lacks merit is not always frivolous. Grimes v. Commissioner, 806 F.2d 1451, 1454 (9th Cir.1986).
 
 
 30
 Because we conclude that Palmer's appeal was not frivolous, we decline to impose sanctions. See Grimes, 806 F.2d at 1454.
 
 
 31
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir. R. 34-4. Accordingly, we deny Palmer's request for oral argument
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Palmer challenges the district court's final judgment by questioning earlier rulings that produced the judgment. See Munoz v. Small Business Admin., 644 F.2d 1361, 1364 (9th Cir.1981)
 
 
 [2]
 In his reply brief on appeal, Palmer raises additional arguments not presented in his opening brief. Issues raised for the first time in an appellant's reply brief are deemed waived on appeal. See Big Country Foods, Inc. v. Board of Educ., 868 F.2d 1085, 1088 (9th Cir.1989)
 
 
 [3]
 Higgins, Leake, and Hawkley's motion was entitled a motion to dismiss or alternatively, a summary judgment motion. Affidavits were submitted in support of the motion. Ordinarily, in a Rule 12(b)(6) motion, if matters outside the pleadings are presented to and not excluded by the court, the motion is treated as one for summary judgment, and all parties must be given an opportunity to present material relevant to the motion. See Baker v. McNeil Island Corrections Ctr., 859 F.2d 124, 127 (9th Cir.1988). Here, the district court did not rely on the additional evidence submitted, but rather relied solely on qualified and absolute immunity doctrines in dismissing for failure to state a claim counts I, II, and III as to Higgins and Leake and all counts as to Hawkley. See Pelletier v. Federal Home Loan Bank, 968 F.2d 865, 872-73 (9th Cir.1992) (qualified immunity); Mullis v. United States Bankruptcy Court, 828 F.2d 1385, 1387 n. 6 (9th Cir.1987) (absolute immunity), cert. denied, 486 U.S. 1040 (1988)
 
 
 [4]
 In November 1991, the district court lifted the protective order barring all discovery as to Higgins and ordered that discovery proceed on the remaining counts of Palmer's amended complaint
 
 
 [5]
 At the hearing on the motion to compel, Palmer stipulated to the dismissal of count VIII. Thus, Palmer's motion to compel the production of documents relating to this count was moot. See Neubronner v. Milken, No. 91-56314, slip op. 11141, 11150-51 (9th Cir. Oct. 4, 1993) (discovery requests moot after complaint dismissed). Leake was not named in the remaining count IV. Thus, Palmer's motion to compel Leake to produce documents allegedly relating to counts IV and VIII also was moot. See id
 
 
 [6]
 Palmer's February and March 1992 motions to revise were brought under Fed.R.Civ.P. 54(b). Rule 54(b) applies where there are multiple claims or parties and a court adjudicates the claims of less than all the parties. Because Palmer asked that the district court reconsider its judgments, the district court correctly construed his motions as seeking either an amended judgment under Fed.R.Civ.P. 59(e) or relief from judgment under Fed.R.Civ.P. 60(b)