Miguel CRUZ, Plaintiff,

v.

Larry MEACHUM, et al., Defendants.

No. 2:91CV00819 (JAC).

United States District Court, D. Connecticut.

Oct. 27, 1994.

J.L. Pottenger, Jr., Jerome N. Frank Legal Services Organization, New Haven, CT, Brett Dignan, Jean Koh Peters, Jerome Frank Legal Services, New Haven, CT, for plaintiff.

Stephen J. O'Neill, Robert F. Vacchelli, Peter E. Wiese, Attorney General's Office, Hartford, CT, for defendants.

Stephen J. O'Neill, Robert F. Vacchelli, Peter E. Wiese, Atty. General's Office, Frank J. Szilagyi, Chadwick, Libbey & Szilagyi, Hartford, CT, for Lt. Kettering.

Stephen J. O'Neill, Peter E. Wiese, Ronald Edward Naves, Jr., Attorney General's Office, Hartford, CT, for Thomas Maloney.

## RULING ON PLAINTIFF'S REQUEST FOR REASONABLE EXPENSES

MARTINEZ, United States Magistrate Judge.

Pending before the court is the plaintiff's request under Fed.R.Civ.P. 37(a)(4) for expenses incurred after a deposition was noticed and a subpoena issued for a non-party witness but neither the witness nor the witness's counsel appeared for the deposition. For the reasons that follow, the plaintiff's request for expenses is denied.

## BACKGROUND

On April 20, 1994 the plaintiff's counsel served a subpoena on Patricia Wollenhaupt, a non-party witness, directing her to appear for a deposition on May 6, 1994. On May 2, 1994, four days before the deposition, Wollenhaupt retained counsel to represent her at the deposition. On May 3, 1994, the witness's counsel attempted to contact the plaintiff's counsel to postpone the deposition because of a scheduling conflict. The witness's counsel telephoned the office of the plaintiff's counsel at 12:33 p.m., reached an answering machine, and left a message on the machine stating that she represented Wollenhaupt but was unable to attend the May 6 deposition due to a conflicting deposition on that date. She asked the plaintiff's counsel to call her to reschedule the deposition.

Despite a contrary implication by the plaintiff's counsel, it is evident that the call was made; the witness's counsel has submitted an itemized telephone bill verifying the call to the office of the plaintiff's counsel. It is also apparent that for some unexplained reason the plaintiff's counsel did not receive the message. Of course, never having received the message regarding the unavailability of the witness's counsel for the planned deposition, the plaintiff's counsel assumed that it was going forward as planned.

At 6:15 p.m. on May 5, the day before the scheduled deposition, the plaintiff's counsel returned to her office after a day away on business. She found there a copy of a Motion For A Protective Order filed by the witness seeking to reschedule the deposition. At that point, the plaintiff's counsel tried to contact the witness's counsel, other counsel of record in the case and the court reporter's office, but all of their offices were apparently closed for the day.

On May 6, the morning of the scheduled deposition, the plaintiff's counsel again called the court reporter. The plaintiff's counsel was advised that an attendance fee would be charged because of the late notice of cancellation. The plaintiff's counsel met the court reporter at the time and place scheduled for the deposition and put on the record certain statements concerning the aborted deposition. The transcript of the deposition shows that it was concluded a few minutes after it began.

Later that day the plaintiff's counsel filed a Motion To Compel Attendance at a Deposi-

tion asking the court to compel the witness' attendance at a deposition on May 10, 1994. Pursuant to Fed.R.Civ.P. 45(e), the plaintiff also requested that the court find the witness to be in contempt for failure to show adequate cause in not complying with the subpoena. Finally, pursuant to Fed.R.Civ.P. 37(a)(4), the plaintiff's counsel made the instant request for fees and expenses incurred in connection with the motion to compel and the aborted deposition. As noted by the witness's counsel, the plaintiff's counsel did not submit with the moving papers an affidavit showing the efforts that were made to resolve the matter without court intervention. *See* Fed.R.Civ.P. 37(a)(4)(A) and Local R.Civ.P. 9(d)(4).

On May 11, 1994 the plaintiff's counsel sent a letter to the court indicating that the Motion to Compel Attendance at a Deposition was being withdrawn because the schedule of the plaintiff's counsel and others involved in the case made it impossible to go forward with the deposition on the date sought in the motion to compel. In the letter, which was docketed by the court, the plaintiff's counsel asked that the court consider the request for expenses and costs despite the withdrawal of the motion to compel.

### DISCUSSION

■ The purposes of Rule 37 sanctions are to ensure that a party will not be able to profit from its own failure to comply, to secure compliance with a particular order and to deter the parties and others from failing to comply with discovery obligations. *Cine Forty–Second St. Theatre Corp. v. Allied Artists Pictures Corp.*, 602 F.2d 1062, 1066 (2d Cir.1979). The case *sub judice* involves a non-party witness who failed to appear at a scheduled deposition. "However, Rule 37 by its terms applies only to a motion to compel production from a *party* under Rule 34." (Emphasis added). *In re Exxon Valdez*, 142 F.R.D. 380 (D.D.C.1992). Therefore, Rule 37 sanctions are not authorized in this case.

■ The only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a non-party for failure to comply with a subpoena duces tecum is found in Rule 45(f).[1] *Application of Sumar*, 123 F.R.D. 467 (S.D.N.Y.1988) (citing *Pennwalt Corp. v. Durand–Wayland, Inc.*, 708 F.2d 492 (9th Cir.1983)). Before sanctions can be imposed under Fed.Rule Civ.P. 45(e), there must be a court order compelling discovery. *See Pennwalt Corp. v. Durand–Waylan, Inc.*, 708 F.2d 492, 494 (9th Cir.1983). A subpoena, obtainable as of course from the Clerk of the Court or issued by an attorney without any court involvement, is not of the same order as one issued by a judicial officer in the resolution of a specific dispute. *Waste Conversions, Inc. v. Rollins Envtl. Servs. (N.J.), Inc.*, 893 F.2d 605, 608 (3d Cir.1990) (en banc).

Here the deposition subpoena served upon the non-party witness was issued without court involvement and no court order was violated when the deposition did not go forward. Although the plaintiff filed a motion to compel, it was withdrawn without judicial intervention. Therefore, Rule 45(e) sanctions are not available in this case.

■ In addition, while a court may grant an award of costs and attorney's fees under its "inherent powers" by imposing sanctions on a non-party in a case where a court order has been violated, it is not proper to do so in the absence of a finding of bad faith. *Pennwalt*, 708 F.2d at 494. *See also Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488 (1980). There is no indication of bad faith on the part of the defendant or the defendant's attorney. Therefore, the imposition of sanctions for attorney's fees and costs is neither authorized nor proper.

### CONCLUSION

Under all these circumstances, the court finds that an award of fees and costs would be unjust. The plaintiff's request for reason-

---

1. Subdivision (f) of Rule 45 is now contained in subdivision (e) which retains most of the language of the former subdivision. Fed.R.Civ.P. 45 (1991).

able expenses and attorney fees (Docket # 92–2) is DENIED.

SO ORDERED.