FILED

NOV 06 2017

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT

**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

In re:                 )    BAP No. CC-17-1000-LSTa
                       )
TONY PHAM; LINDSIE KIM PHAM,   )    Bk. No. 8:12-bk-18847-CB
                       )
          Debtors.     )    Adv. No. 8:12-ap-01619-CB
_____ )
JONATHAN T. NGUYEN,          )
                       )
         Appellant,    )
                       )
v.                       )    **M E M O R A N D U M**[*]
                       )
JEFFREY IAN GOLDEN,          )
Chapter 7 Trustee,         )
                       )
         Appellee.     )
_____ )

Argued and Submitted on September 29, 2017
at Pasadena, California

Filed - November 6, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding
_____

Appearances:    Richard Lawrence Antognini argued for Appellant;
Ashley M. McDow of Baker & Hostetler LLP argued
for Appellee.
_____

Before: LAFFERTY, SPRAKER, and TAYLOR, Bankruptcy Judges.

---

     [*]This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8024-1.

## INTRODUCTION

This is the second appeal arising from the bankruptcy court's award of sanctions for discovery abuses. Before the first appeal, the bankruptcy court awarded attorney's fees to Appellee Jeffrey I. Golden ("Trustee") and against Debtors Tony Pham and Lindsie Kim Pham and their former counsel, Appellant Jonathan Nguyen. Debtors were nonparty witnesses in the Trustee's adversary proceeding to avoid and recover allegedly fraudulent transfers of real property. The attorney's fees were sought and imposed as a sanction under local rules for failure to comply with the Trustee's subpoenas for depositions and document production and for counsel's failure to meaningfully meet and confer with Trustee's counsel. This Panel vacated and remanded the sanctions award, holding that the bankruptcy court had erred in relying on local bankruptcy rules as authority for the sanctions and because its findings were insufficient to support the sanctions under the appropriate authority. Pham v. Golden (In re Pham), 536 B.R. 424 (9th Cir. BAP 2015).

On remand, the Trustee and Debtors, but not Nguyen, submitted supplemental briefing. Although the Trustee cited Civil Rule 45[1] and the court's inherent power as a basis for the sanctions against Debtors and Nguyen, the bankruptcy court reimposed the sanctions solely under Civil Rule 37(a)(5)

---

[1]Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure. "LBR" references are to the Local Bankruptcy Rules for the U.S. Bankruptcy Court for the Central District of California.

(applicable via Rule 7037) against Nguyen only. The court also denied Debtors' motion to vacate the original sanctions order and for an order requiring the Trustee to turn over the sanctions paid.

In reimposing the sanctions after remand, the bankruptcy court improperly relied on Civil Rule 37(a)(5) as the sole source of authority for the sanctions award, and its findings do not support the sanctions award. Therefore, we VACATE and REMAND the amended sanctions order. We REVERSE in part the bankruptcy court's order denying Debtor's motion to vacate the original sanctions order because, although the request to vacate was moot, the request to turn over the funds was not.

**FACTS**

The Panel's prior opinion contained a detailed factual recitation that we need not repeat here. In summary, and as noted above, Debtors were nonparty witnesses in an adversary proceeding brought by the Trustee to avoid and recover allegedly fraudulent transfers of condominium units by Mrs. Pham to the defendants. Nguyen represented defendants and Debtors.

During the course of discovery in the adversary proceeding, the Trustee issued subpoenas to Debtors under Civil Rule 45, commanding them to appear for depositions and to produce documents. For reasons that are detailed in the Panel's prior opinion, the Trustee's counsel did not complete Mrs. Pham's examination, and Mr. Pham did not appear for deposition or produce documents. Additionally, Nguyen did not cooperate in scheduling a meet and confer or in preparing a joint discovery stipulation. The Trustee ultimately filed a motion to compel,

which the bankruptcy court granted. The bankruptcy court also granted the Trustee's request for attorney's fees, ordering Nguyen and Debtors to pay the Trustee $17,515 "as a sanction for abusive conduct in the course of discovery pursuant to Local Bankruptcy Rules 1001-1(f), 7026-1(c), and 9011-3" (the "Sanctions Order").

Nguyen and Debtors jointly appealed the Sanctions Order to this Panel. By then, Debtors had complied with the subpoenas, so the only issue on appeal was whether the sanctions award was appropriate. In a published opinion, Pham v. Golden (In re Pham), 536 B.R. 424 (9th Cir. BAP 2015), the Panel vacated and remanded the Sanctions Order, holding that the bankruptcy court had abused its discretion in awarding discovery sanctions under LBR 1001-1(f), 7026-1(c), and 9011-3 because those rules did not provide the proper legal basis for discovery sanctions against nonparties and their counsel.

In its opinion, the Panel noted that Civil Rule 37(a)(5) authorizes an award of expenses, including attorney's fees, incurred for a motion to compel a nonparty's attendance at a deposition. In re Pham, 536 B.R. at 431. Noting that much of the conflict in the case had stemmed from securing Debtors' appearance for depositions and Nguyen's alleged interference with Mrs. Pham's deposition, the Panel stated, "Debtors and Nguyen could have been sanctioned for attorney's fees under Civil Rule 37(a)(5) for any failure to comply with the

-4-

subpoenas."[2]  Id.  But because the bankruptcy court's findings were not sufficient to support sanctions under Civil Rule 37, the Panel vacated and remanded for further proceedings.  Id. at 434.

After remand, Debtors, represented by their new counsel,[3] filed a motion under Civil Rule 60(b) (applicable via Rule 9024) to vacate as void the Sanctions Order and for turnover of the sanctions, which Nguyen had paid.[4]  The Trustee opposed the motion, arguing that the BAP had not only vacated but remanded the Sanctions Order; the Trustee thus requested an opportunity to brief alternate grounds for the sanctions and to retain the sanctions pending a further ruling by the bankruptcy court.  At the hearing on the matter, the bankruptcy court orally denied Debtors' motion and set a briefing schedule and a further hearing.

In the Trustee's supplemental brief, he argued that sanctions could be imposed against Debtors under Civil Rule 45(g) and the court's inherent power.  The Trustee did not specifically request sanctions against Nguyen, but he alleged

---

[2]As discussed below, Civil Rule 37(a)(5)(A) authorizes an award of expenses, including attorney's fees, for a nonparty's failure to attend a deposition, but it does not authorize such an award for a nonparty's failure to comply with a document production request.

[3]Nguyen withdrew as counsel for Debtors and Defendants while the first appeal was pending.

[4]The BAP's mandate was docketed in the adversary proceeding on January 4, 2016.  For reasons that are not clear from the record, the bankruptcy court took no action on the mandate until Debtors filed their motion to vacate in May 2016.

that both Debtors and Nguyen engaged in bad faith conduct and requested that the court enter an order: (1) affirming its prior award of sanctions under Civil Rule 45 and Rule 9016 and the court's inherent authority; and (2) making specific findings regarding the violations of the subpoenas and the bad faith nature of the Debtors' and Nguyen's conduct.

Debtors filed an opposition, arguing that the Trustee had not complied with the procedures required for a contempt finding under Civil Rule 45 and that Debtors had not acted in bad faith. Debtors also objected to the amount of the sanctions as "exceptionally high and unjustified." Nguyen did not file a brief. The Trustee filed a reply arguing that he was not required to seek an order to compel compliance before seeking sanctions under Civil Rule 45, that Debtors had received adequate notice of the sanctions motion, and that sanctions against Debtors and Nguyen were substantively justified.

At the hearing on September 6, 2016, Nguyen did not appear. The Trustee argued for the first time that sanctions could be imposed under Civil Rule 37(a)(5), citing the Panel's prior opinion. After hearing argument, the bankruptcy court decided, based on its recollection of events, that sanctions solely against Nguyen were appropriate:

> I'd be quite happy just sanctioning the attorney here for what happened because he . . . was doing things that were just totally inappropriate, including questioning the Court's ability to send out a notice to the Defendants in an action. . . . I don't know how much the Debtors were involved in the shenanigans, but the attorney knew what he was doing was inappropriate. It was not what an officer of the court does.
>
> Since he's the one who paid, what do you think,

-6-

[counsel], of somehow forming the order to comply with what BAP said, that I can't do it under the Local Rule, and making it only against the attorney?  I'm quite happy with that.

Hr'g Tr. (Sept. 6, 2016) at 13:8-14:8.  The court further remarked:

Mr. Nguyen caused a lot of problems, and I – what do you think, [counsel], I mean, since he is the one who paid the sanctions, and, frankly, as far as I can tell, he's the one who caused a lot of these problems, I am happy with an order that says it's Mr. Nguyen who has to pay. . . .

Id. at 17:7-12.

After noting that it could impose sanctions under Civil Rule 37(a)(5), Civil Rule 45, and its inherent powers, the court stated that it would enter an amended order reimposing the sanctions against Nguyen only.  Thereafter, the bankruptcy court entered its amended order (the "Amended Sanctions Order"), but it imposed sanctions solely under Civil Rule 37(a)(5), finding that:

Prior Counsel is properly sanctioned for, among other things, representing both Debtors and Defendants, engaging in bad faith conduct by withholding documents responsive to properly issued subpoenas, and interfering in the examination of Lindsie Kim Pham. In aggravation, the Court notes that Debtors, not Defendants, were directing the course of the adversary litigation and that Prior Counsel was not properly representing the interests of Defendants.  In particular, the Court notes that Prior Counsel vehemently opposed the sending of any notices by the Court directly to Defendants (an apparent attempt to keep Defendants ignorant as to the course of the litigation).

The award of sanctions of $17,515.00 ("Sanctions") in favor of the Trustee is due and proper sanctions to compensate the bankruptcy estate for the harm resulting from the conduct of Prior Counsel.  As was stated in Pham, et al., v. Golden (In re Pham), 536 B.R. 424 (9th Cir. BAP 2015), the

BAP opinion remanding this matter, "Debtors and Nguyen could have been sanctioned for attorney's fees under Civil Rule 37(a)(5) for any failure to comply with the subpoenas." This Court now grants the Motion pursuant to Civil Rule 37(a)(5). The Court orders the Sanctions to be paid by Prior Counsel. Debtors shall not be liable for the Sanctions.

The bankruptcy court also entered an order denying Debtors' motion to vacate the Sanctions Order and for turnover. Nguyen timely appealed both orders.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158. Orders imposing sanctions on nonparties for failure to comply with discovery are final for purposes of appeal. Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.3 (9th Cir. 1983).

## ISSUES

Whether Nguyen waived his right to appeal the Amended Sanctions Order or the denial of the Debtors' motion to vacate.

Whether the bankruptcy court abused its discretion in reaffirming the sanctions award against Nguyen under Civil Rule 37(a)(5).

Whether the bankruptcy court abused its discretion in denying Debtors' motion to vacate and for turnover.

## STANDARD OF REVIEW

The bankruptcy court's imposition of discovery sanctions is reviewed for abuse of discretion, Stipp v. CML-NV One, LLC (In re Plise), 506 B.R. 870, 876 (9th Cir. BAP 2014) (citing Freeman v. San Diego Ass'n of Realtors, 322 F.3d 1133, 1156 (9th Cir. 2003)), as is its ruling on a motion to vacate. See

-8-

Tennant v. Rojas (In re Tennant), 318 B.R. 860, 866 (9th Cir. BAP 2004).

A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

**DISCUSSION**

As discussed below, we decline to deem Nguyen's arguments on appeal waived for failure to participate in the proceedings after remand because he did not have adequate notice that sanctions under Civil Rule 37(a)(5) were being sought against him. While the court's inherent power could have formed the basis for the sanctions, its findings were insufficient for us to affirm on that basis.

A clarification regarding the application of Civil Rule 37(a)(5) is required, as it appears the bankruptcy court may have misinterpreted the Panel's prior opinion. There, the Panel stated, "Civil Rule 37(a)(5) authorizes an award of expenses, including attorney's fees, incurred **for a motion to compel the nonparty's attendance**." In re Pham, 536 B.R. at 431 (emphasis added). The authorities cited in support of that proposition – Pennwalt Corp., 708 F.2d at 494 n.4, and Civil Rule 30(d)(2) – deal exclusively with a nonparty's failure to appear for a deposition and do not apply to a nonparty's failure to produce documents. Later in the opinion, the Panel stated: "Debtors and Nguyen could have been sanctioned for attorney's fees under Civil Rule 37(a)(5) for any failure to comply with

-9-

the subpoenas." In re Pham, 536 B.R. at 431. And in the opinion's conclusion, the Panel stated, "because the bankruptcy court applied incorrect standards of law and failed to make the necessary findings required under Rule 7052 for us to affirm under Rule 37, we VACATE and REMAND the Compel Order for further proceedings consistent with this opinion." Id. at 434.

These last two quotes, read in isolation, imply that Civil Rule 37(a)(5) authorizes an award of attorney's fees incurred in seeking an order to compel Debtors to appear at their depositions **and** to produce documents. But those quotes must be read in the context of the Panel's initial reference to Civil Rule 37(a)(5), which made clear that, as applied to nonparties, the rule authorizes an attorney's fee award only with respect to a motion to compel appearance at a deposition. The Panel's subsequent references to Civil Rule 37(a)(5) thus applied only to Mr. Pham's failure to appear for deposition and Nguyen's alleged interference with Mrs. Pham's deposition and not for any failure to produce documents.

As discussed below, although Civil Rule 45 is the proper authority for sanctioning a nonparty's failure to produce documents, the procedural requirements of that rule were not followed.

Finally, the bankruptcy court correctly denied Debtors' motion to vacate, but it erred in denying their motion for turnover of the sanctions paid.

-10-

**A.   Although Nguyen did not participate in the proceedings after remand, we will not deem waived his arguments on appeal.**

The Trustee argues that Nguyen waived his right to appeal the Amended Sanctions Order because he did not file a supplemental brief or otherwise participate in the proceedings after remand despite being served with the relevant papers.  But the Trustee's supplemental briefing was, at best, ambiguous regarding whether sanctions were being sought against Nguyen.  In the introduction to his initial supplemental brief, the Trustee requested "that the Court order the **Debtors** to pay the Estate the sum of $17,515.00 – the amount of the prior sanctions award – for failing to comply with the deposition and document request subpoenas." (Emphasis added).  And in the conclusion to that brief, the Trustee requested:

> that the Court enter an order: (1) affirming its prior award of sanctions in the Second Sanctions Order under Fed. R. Civ. P. 45 and Fed. R. Bankr. P. 9016 as well as the Court's inherent authority to sanction bad faith conduct; (2) making specific findings regarding the violations of the Debtor Subpoenas and the bad faith nature of the Debtors' and Defense Counsel's[5] conduct . . . .

Even though the brief contained allegations of bad faith on Nguyen's part, it simply was not clear that sanctions were being sought specifically and solely against Nguyen.

Moreover, Nguyen did not have notice that sanctions could be imposed under Civil Rule 37(a)(5).  The Trustee's briefs did not cite that rule as a basis for the sanctions; the Trustee's

---

[5]The Trustee identified Nguyen as "Defense Counsel" in the introduction to the supplemental brief.

counsel first cited that rule at the September 6 hearing. As a general rule, a court proposing to impose sanctions must "notify the person charged both of the particular alleged misconduct and of the particular disciplinary authority under which the court is planning to proceed." Miller v. Cardinale (In re DeVille), 361 F.3d 539, 548 (9th Cir. 2004).

In DeVille, the bankruptcy court sanctioned a debtor and his counsel under its inherent powers for improper filings and attempts to remove an adversary proceeding from state court. The sanctioned parties appealed to this Panel, arguing, among other things, that they did not have sufficient notice of the authority for the imposition of sanctions because the court's orders to show cause referenced only Rule 9011. The BAP rejected this argument, holding that the appellants had adequate notice that the court's inherent authority was implicated because the orders to show cause described in detail the sanctionable conduct and addressed lack of good faith and appellants' manipulation of the bankruptcy system to frustrate a state court trial. Miller v. Cardinale (In re Deville), 280 B.R. 483, 497 (9th Cir. BAP 2002). The Ninth Circuit Court of Appeals affirmed. In its opinion, the Court of Appeals noted that the requirement for a court to give notice of an intent to exercise inherent power was not absolute; rather the question was whether the persons to be sanctioned under the court's inherent power were provided with sufficient advance notice of exactly what conduct was alleged to be sanctionable and were aware that they stood accused of acting in bad faith. In re Deville, 361 F.3d at 549. The Court of Appeals agreed

-12-

with the BAP that the bankruptcy court's orders to show cause met this standard. Id. at 550.

The Trustee interprets DeVille as "an apt example that identifying the legal basis for the imposition of sanctions is not required to satisfy due process." The Court of Appeals in Deville warned, however, that its holding "should not be taken as an indication that this court regards a bankruptcy court's non-reference to inherent power as a source of sanctioning authority as a matter of little consequence." Id. at 550 n.4. We are thus not persuaded that DeVille eliminated the requirement that a person to be sanctioned be put on notice of the authority under which sanctions are sought. Here, the bankruptcy court awarded sanctions under Civil Rule 37(a)(5), a basis that was not articulated in the Trustee's supplemental briefing.[6]

There is no question that Nguyen has standing to appeal the bankruptcy court's order. As the sanctioned party, Nguyen is a "person aggrieved" by the bankruptcy court's order. See Fondiller v. Robertson (Matter of Fondiller), 707 F.2d 441, 442 (9th Cir. 1983) (only those persons directly and adversely affected pecuniarily by an order of the bankruptcy court have standing to appeal).

And even if notice were sufficient, we would not deem

_____

[6]As noted, the prior Panel's opinion suggested that Debtors and Nguyen could have been sanctioned for attorney's fees under Civil Rule 37(a)(5). In re Pham, 536 B.R. at 431. That observation, however, did not constitute notice that the Trustee intended to seek – or that the bankruptcy court would order – sanctions under that rule.

-13-

Nguyen's arguments waived. Although issues not presented to the trial court cannot generally be raised for the first time on appeal, we may consider such arguments if the issue presented is purely one of law and the opposing party will suffer no prejudice as a result of the failure to raise the issue below or if the trial court's decision was plain error and injustice would otherwise result. Enewally v. Washington Mutual Bank (In re Enewally), 368 F.3d 1165, 1173 (9th Cir. 2004).

As explained below, the bankruptcy court's exclusive reliance on Civil Rule 37(a)(5) was legal error. And no prejudice will result to the Trustee for Nguyen's failure to raise his arguments in the bankruptcy court. Debtors argued that the Trustee did not follow the proper procedures for the imposition of contempt sanctions under Civil Rule 45(g) and that the facts did not support the imposition of sanctions under the bankruptcy court's inherent power. Thus, the Trustee had the opportunity to consider and respond to those arguments.

**B. The bankruptcy court erred in reaffirming the sanctions award under Civil Rule 37(a)(5).**

Civil Rule 37(a)(5)(A) provides that if a motion to compel is granted or discovery requests are complied with after the filing of a motion to compel, "the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." But the court is not to order such payment if "(i) the movant filed the motion before attempting in good faith to obtain the

-14-

disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."

In the Panel's prior opinion, it noted that attorney's fees incurred for a motion to compel the Phams' attendance at their depositions could have been awarded under Civil Rule 37(a)(5). See In re Pham, 536 B.R. at 431. The Panel declined to affirm the sanctions on that basis because the bankruptcy court's findings were insufficient to support a sanctions award under Civil Rule 37(a)(5): "the Compel Order provides no findings of fact to support the court's decision to sanction Appellants for 'abusive conduct in the course of discovery.'" Id. at 434.

On remand, the bankruptcy court imposed sanctions under Civil Rule 37(a)(5) based on the prior Panel's remarks. But the only finding made by the bankruptcy court that was relevant to sanctions under that rule was that Nguyen had interfered in Mrs. Pham's deposition. As noted, the Trustee's brief did not put Nguyen on notice that sanctions were being sought against him under Civil Rule 37(a)(5); thus Nguyen was not afforded the opportunity to present any argument or evidence to justify his conduct.[7]

Additionally, the bankruptcy court erred in relying on

---

[7]In the prior Panel's opinion, it noted that Nguyen's interference in Ms. Pham's deposition consisted of an "insignificant number of times" where Nguyen tried to clarify or correct a question or answer, mainly because no equivalent word existed in Vietnamese for the English word Trustee's counsel was using or the interpreter had used terminology different from Trustee's counsel's. In re Pham, 536 B.R. at 427 n.6.

-15-

Civil Rule 37(a)(5) to sanction Nguyen for failure to produce documents requested by subpoena because that rule does not authorize sanctions for a nonparty's failure to produce documents. Pennwalt Corp., 708 F.2d at 494 n.4. As explained long ago by the Eighth Circuit Court of Appeals:

> The purpose of Rule 37 is to provide the mechanism by which Rules 26 to 36 can be made effective. It is of limited application when applied to non-parties. It can only be used to order a non-party to answer written and oral questions under Rules 30 and 31. It has no application to a non-party's refusal to produce documents.

Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1341 (8th Cir. 1975).

The sole basis for enforcing a nonparty's compliance with a subpoena duces tecum for the production of documents is Civil Rule 45. See In re Plise, 506 B.R. at 877-78; see also Pennwalt Corp., 708 F.2d at 494, and Fisher, 526 F.2d at 1341. That rule provides in part that "[t]he court . . . may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Civil Rule 45(g). Civil Rule 45 also grants procedural protections to nonparty witnesses. "A nonparty served with a subpoena has three options: it may (1) comply with the subpoena, (2) serve an objection on the requesting party in accordance with Civil Rule 45(c)(2)(B), or (3) move to quash or modify the subpoena in accordance with Civil Rule 45(c)(3)." In re Plise, 506 B.R. at 878. If the nonparty serves an objection or moves to quash the subpoena, the requesting party must obtain a court order directing compliance before seeking contempt sanctions for noncompliance. See Pennwalt Corp., 708 F.2d at 494 & n.5. But

-16-

if, as here, the nonparty fails to object to a subpoena, the proper procedure is for the requesting party to seek an order of contempt under Civil Rule 45(g). See Fisher, 526 F.2d at 1342; U.S. S.E.C. v. Hyatt, 621 F.3d 687, 694 (7th Cir. 2010).

In the contempt proceeding, the nonparty witness is entitled to the "basic requirements of due process – adequate notice and proper hearing . . . ." Fisher, 526 F.2d at 1342. And "the moving party has the burden of showing by clear and convincing evidence that the contemnors violated a specific and definite order of the court." Knupfer v. Lindblade (In re Dyer), 322 F.3d 1178, 1190-91 (9th Cir. 2003) (citation omitted).

Rule 9020 provides that Rule 9014 governing contested matters is applicable to motions for contempt in bankruptcy proceedings. In the Central District of California, LBR 9020-1 prescribes the procedure for obtaining an order of contempt:

> Unless otherwise ordered by the court, contempt proceedings are initiated by filing a motion that conforms with LBR 9013-1 and a lodged order to show cause. Cause must be shown by filing a written explanation why the party should not be held in contempt and by appearing at the hearing.[8]

LBR 9020-1(a). The lodged order must "clearly identify" the allegedly contemptuous conduct, the possible sanctions, and the grounds for sanctions. LBR 9020-1(c). The order to show cause

---

[8]Although LBR 9020-1 refers to an order to show cause why "the party" should not be held in contempt, the rule does not appear to be limited to contempt against parties to the litigation. For example, the rule requires "[p]ersonal service of the issued order to show cause . . . on any entity not previously subject to the personal jurisdiction of the court." LBR 9020-1(e)(2).

must set a hearing on the matter.

On remand, the Trustee invoked Civil Rule 45 as a basis for the sanctions. And the bankruptcy court seemed to acknowledge that Civil Rule 45 was applicable. See Hr'g Tr. (Sept. 6, 2017) at 18:2-15. The court, however, did not cite Civil Rule 45 in its written order. In any event, the Trustee did not follow the requisite procedure for obtaining an order of contempt, and the bankruptcy court could not have based the sanctions award on Civil Rule 45 without first affording Nguyen the procedural protections of that rule.

**C.    The bankruptcy court's findings were insufficient to support an award of sanctions under its inherent power.**

The Trustee cited the court's inherent power as alternate authority for the sanctions and, again, the bankruptcy court acknowledged at the hearing that it could impose sanctions on that basis. Id. at 18:10-11. Federal courts, including bankruptcy courts, have inherent power to impose sanctions for a broad range of willful or improper litigation conduct. In re Dyer, 322 F.3d at 1196. This inherent power includes the authority to sanction the conduct of a nonparty who participates in abusive litigation practices or whose actions or omissions cause the parties to incur additional expenses. Corder v. Howard Johnson & Co., 53 F.3d 225, 232 (9th Cir. 1994).

Although a federal court is not prohibited from sanctioning bad faith conduct by means of its inherent power simply because that conduct could be sanctioned under a statute or court rule, if a court rule governs the conduct at issue, the trial court should ordinarily rely on the rule rather than its inherent

-18-

power.  Chambers v. NASCO, Inc., 501 U.S. 32, 50 (1991).  But "if, in the informed discretion of the court, neither the statute nor the Rules are up to the task, the court may safely rely on its inherent power."  Id.  Those circumstances include the situation where the procedures for obtaining relief under the applicable rule were not followed.  See In re DeVille, 280 B.R. at 494 (concluding that Rule 9011 sanctions could not support the bankruptcy court's sanctions award in part because the proper procedures were not followed), aff'd, 361 F.3d 539 (9th Cir. 2004).  Rule 45 not being available because proper procedures were not followed, it would have been appropriate for the bankruptcy court to invoke its inherent power.

Before imposing inherent power sanctions on a nonparty, the court must make an explicit finding of bad faith or improper purpose.  In re Dyer, 322 F.3d at 1196-97; Pennwalt Corp., 708 F.2d at 494.[9]  Although the Amended Sanctions Order did not reference the court's inherent power as authority for the sanctions, the court found that Nguyen acted in bad faith by, among other things, "withholding documents responsive to properly issued subpoenas, and interfering in the examination of Lindsie Kim Pham."  We may affirm on any basis supported by the record, Caviata Attached Homes, LLC v. U.S. Bank, N.A. (In re Caviata Attached Homes, LLC,), 481 B.R. 34, 44 (9th Cir. BAP 2012), but these findings were not sufficiently specific to

---

[9]The Ninth Circuit has not addressed whether a movant seeking sanctions under the court's inherent power must show bad faith by a preponderance of the evidence or by clear and convincing evidence.  Lahiri v. Universal Music & Video Dist. Corp., 606 F.3d 1216, 1219 (9th Cir. 2010).

-19-

support an award of sanctions under the court's inherent power. A bad faith finding necessarily requires an inquiry into the motivation behind the offending conduct. See In re Dyer, 322 F.3d at 1196-97 (questioning bankruptcy court's finding of bad faith in violating the automatic stay when there was no finding that the offending individuals were aware that their actions violated the stay, noting that "[m]ere ignorance or inadvertence is not enough to support a sanction award under the inherent authority.").

At the September 6 hearing, the bankruptcy court stated that Nguyen "knew what he was doing was inappropriate." It was not clear, however, what conduct the court referred to, and that comment was not converted into a formal finding of fact. In the Amended Sanctions Order, the court cited Nguyen's dual representation of Debtors and Defendants, noting that

> Debtors, not Defendants, were directing the course of the adversary litigation and . . . [Nguyen] was not properly representing the interests of Defendants. In particular, the Court notes that [Nguyen] vehemently opposed the sending of any notices by the Court directly to Defendants (an apparent attempt to keep Defendants ignorant as to the course of the litigation).

This finding could not have supported an award of sanctions under the court's inherent power because Nguyen had no notice that this conduct was a basis for the sanctions being sought. Due process requires advance notice of the nature of the conduct and the accusation of bad faith. See In re DeVille, 361 F.3d at 548 ("Ordinarily a court proposing to impose sanctions notifies the person charged both of the particular alleged misconduct and of the particular disciplinary authority under which the court

-20-

is planning to proceed.").

**D.    The bankruptcy court erred in denying Debtors' request for turnover of the sanctions paid.**

Debtors' motion to vacate was moot to the extent it sought vacation of the Sanctions Order; the prior Panel's mandate had already vacated that order. The bankruptcy court, however, erred in not ordering the Trustee to return the sanctions paid by Nguyen. In fact, it is not clear to us why the Trustee did not immediately return the funds upon receiving notice of the mandate. Vacating the Sanctions Order eliminated any legal basis for the Trustee to retain those funds – the effect was the same as if the Sanctions Order never existed. See Camreta v. Greene, 563 U.S. 692, 713 (2011) (vacatur strips the decision below of its binding effect and clears the path for future litigation). Accordingly, the bankruptcy court erred in not requiring the Trustee to turn over the funds as requested by Debtors.

**CONCLUSION**

For all of these reasons, we VACATE and REMAND the Amended Sanctions Order for further proceedings in accordance with this disposition. As noted above, vacatur strips the Amended Sanctions Order of its effect and requires the Trustee to return the sanctions to the appropriate person(s)[10] and restart the process of requesting sanctions. We REVERSE the bankruptcy court's denial of Debtors' motion for an order requiring the

---

[10]The record reflects that Nguyen paid the sanctions, but it was unclear whether the Debtors reimbursed Nguyen for any or all of the sanctions paid.

-21-

Trustee to turn over the sanctions.