FILED

SEP 02 2015

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



ORDERED PUBLISHED

## UNITED STATES BANKRUPTCY APPELLATE PANEL

## OF THE NINTH CIRCUIT

In re:                              )    BAP No.   CC-14-1342-KiBrD
                                    )
TONY PHAM and LINDSIE KIM           )    Bk. No.   SA 12-18847-CB
PHAM,                               )
                                    )    Adv. No.  SA 12-01619-CB
                  Debtors.          )
_____ )
                                    )
TONY PHAM; LINDSIE KIM PHAM;        )
JONATHAN T. NGUYEN,                 )
                                    )
                  Appellants,       )
                                    )
v.                                  )    **O P I N I O N**
                                    )
JEFFREY I. GOLDEN, Chapter 7        )
Trustee,                            )
                                    )
                  Appellee.         )
_____ )

Argued and Submitted on July 23, 2015,
at Pasadena, California

Filed - September 2, 2015

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Catherine E. Bauer, Bankruptcy Judge, Presiding

_____

Appearances:   Appellants Tony Pham, Lindsie Kim Pham and Jonathan
               T. Nguyen did not appear at oral argument; Ashley
               McDow of Baker & Hostetler LLP argued for appellee
               Jeffrey I. Golden, Chapter 7 Trustee.

Before:        KIRSCHER, BRANDT[1] and DUNN, Bankruptcy Judges.

_____

   [1]  Hon. Philip H. Brandt, Bankruptcy Judge for the Western
District of Washington, sitting by designation.

KIRSCHER, Bankruptcy Judge:

Tony and Lindsie Kim Pham ("Debtors") and their attorney, Jonathan T. Nguyen ("Nguyen") (collectively, "Appellants"), appeal an order compelling Debtors to appear for depositions and to produce certain documents and sanctioning Appellants for the chapter 7[2] trustee's expenses incurred in bringing the motion to compel under Local Bankruptcy Rules ("LBR") 1001-1(f), 7026-1(c) and 9011-3.[3]

Debtors have already produced the required documents and have been deposed. The $17,515 sanction for attorney's fees has been paid. Appellants challenge only the sanctions award. Because the bankruptcy court could not rely on these local rules to sanction Appellants, we VACATE and REMAND.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Jeffrey I. Golden ("Trustee") was appointed chapter 7 trustee in Debtors' case. He scheduled and held at least 15 continued § 341(a) meetings of creditors to interview Debtors and to review documents.

The Trustee filed an adversary complaint against two

---

[2] Unless specified otherwise, all chapter, code and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, and the Federal Rules of Bankruptcy Procedure, Rules 1001-9037. All "Civil Rule" references are to Federal Rules of Civil Procedure.

[3] The local rules referenced are the Local Bankruptcy Rules for the U.S. Bankruptcy Court for the Central District of California. We note that the bankruptcy court amended its local rules effective January 5, 2015; however, in reviewing the public notice associated with the revisions, we conclude that the bankruptcy court did not amend the three local rules discussed herein.

-2-

individuals, Phat The Bui ("Bui") and Thuan Tran ("Tran").[4]  The Trustee alleged that Mrs. Pham had fraudulently transferred four condominium units approximately sixteen months prior to the petition date — three units to Bui and one to Tran.  Debtors disclosed the transfers to Bui in their statement of financial affairs; they did not disclose the transfer to Tran.  The Trustee sought to avoid and recover the transferred property under the Code and California law.  Nguyen, who has practiced law for twenty-one years, represented defendants Bui and Tran.  Debtors were not named as defendants and have never been parties to that action.

**A.    Events leading to the Trustee's motion to compel**

The Trustee issued subpoenas to Debtors pursuant to Civil Rule 45, commanding them to appear for depositions and to produce documents.  Nguyen accepted service of the subpoenas on behalf of Debtors via email.  Debtors did not object to the subpoenas.

Just prior to this, the Trustee's counsel Michael Delaney ("Delaney") emailed Nguyen regarding dates for Debtors to be deposed.  Ultimately, Delaney scheduled Mrs. and Mr. Pham's depositions for March 17 and March 19, 2014, respectively.  On March 17, Nguyen and Mrs. Pham arrived at Delaney's office prior to the scheduled 10:00 a.m. start time.  The attorney intending to conduct Mrs. Pham's deposition, Ashley McDow ("McDow"), was not there and neither were the court reporter or the Vietnamese interpreter.  McDow arrived at 10:45 a.m. and asked Nguyen and Mrs. Pham to wait for the interpreter, who was running late.  The

---

[4] Golden, Trustee, v. Bui, Case No. SA 12:bk-18847-CB, Adv. Pro. No. SA 12-ap-01619-CB (Bankr. C.D. Cal.).

court reporter arrived at 11:45 a.m.  Around noon, when the interpreter had still not arrived, McDow offered to take Mrs. Pham's deposition on March 19 at 1:00 p.m. at Nguyen's office and credit her the two hours she and Nguyen were left waiting.

McDow took Mrs. Pham's deposition as planned on March 19 between 1:13 p.m. and 6:00 p.m.  McDow and Delaney arrived around 1:00 p.m. without enough copies of certain documents, so Nguyen offered to let Delaney use his office's copier, at no charge, to make the necessary copies, approximately 180 pages.  Nguyen said that at 4:00 p.m. Delaney and McDow unilaterally took a 20-25 minute lunch break while he, Mrs. Pham, the court reporter and the interpreter waited.  At this point, the stories diverge.  Nguyen claims he told McDow during normal breaks and again at 5:30 p.m. that he had to leave promptly at 6:00 p.m.  McDow contends that at 6:00 p.m. Nguyen prematurely terminated Mrs. Pham's deposition without ever advising her of his intent to do so.  McDow believed she had 55 minutes remaining of her allowed time to depose Mrs. Pham, after deducting time for breaks.

According to the deposition transcript, at 5:54 p.m. Nguyen stated for the record that he had told McDow during the last recess he had to leave at 6:00 p.m. to pick up his son from soccer practice.  McDow stated that Nguyen had just told her for the first time five minutes before of his need to leave by 6:00 p.m. Nguyen then indicated that he would speak to McDow later about when she could complete her last hour of deposition with Mrs. Pham.  McDow proceeded for the next six minutes with questions to Mrs. Pham.  At 6:00 p.m., Nguyen announced he was leaving.  While McDow tried to ask Nguyen about scheduling the last hour, he

-4-

walked off.

As for Mr. Pham, Nguyen contended that he told McDow on March 17 that Mr. Pham would not be appearing for his deposition or producing documents on March 19, because he had recently suffered a stroke. He also gave McDow a copy of a doctor's note. McDow contended that she did not learn of Mr. Pham's nonappearance until Nguyen handed her the doctor's note, which was illegible except for Mr. Pham's name and the word "stroke."

A series of emails between counsel ensued. On March 21, Delaney emailed Nguyen inquiring about when Mrs. Pham's deposition could be completed. Delaney warned that if he heard nothing from Nguyen by 2:00 p.m. March 25, he would file a motion to compel. Not hearing from Nguyen, Delaney sent a second email on March 25 at 5:27 p.m., stating his intention to prepare a motion to compel Debtors' depositions, as the doctor's note failed to provide any justification for denying the Trustee's right to depose Mr. Pham. Delaney requested that counsel meet and confer by April 1 to resolve any discovery disputes, citing LBR 7026-1(c)(2).

Nguyen responded to Delaney's email on March 26, indicating that he was not presenting Mrs. Pham for further deposition based on the March 17 incident and the events that occurred on March 19.

On April 15, another attorney for the Trustee, Yulia Fradkin ("Fradkin"), emailed Nguyen reminding him that he had failed to meet and confer with the Trustee's counsel by April 1 to discuss Mrs. Pham's last hour of deposition pursuant to LBR 7026-1(c)(2). Fradkin warned that if Nguyen did not provide a date and time to meet and confer within the next two days, they would proceed with preparing a joint stipulation of any remaining discovery disputes.

-5-

If their issues could not be resolved, Fradkin warned they would file a motion to compel the remainder of Mrs. Pham's deposition. Fradkin requested further information about Mr. Pham's medical condition and inquired whether or not he would be appearing for deposition.

On April 18, Fradkin sent Nguyen another email regarding his apparent refusal to meet and confer about Debtors' depositions. Fradkin warned that if Nguyen did not provide information for the joint stipulation of remaining discovery disputes by April 21, the Trustee's counsel would file a motion to compel Debtors' depositions. Fradkin advised Nguyen they would seek sanctions under LBR 1001-1(f), 7026-1(c)(4), 9011-3 and 9020-1.

Nguyen responded to Fradkin's April 18 email, stating that he had already met and conferred with McDow and then again with Delaney.

**B.    The motion to compel**

**1.    The Trustee's motion**

Shortly thereafter, the Trustee moved for an order:  (1) compelling Debtors to attend depositions and to produce documents; and (2) awarding attorney's fees and costs jointly and severally against Appellants ("Motion to Compel").[5]  Overall, the Trustee blamed Nguyen for the "intentional and purposeful interference in discovery," which the Trustee alleged severely disadvantaged his

---

[5]  The Trustee reiterated some discovery issues he had recently with Nguyen and defendants Bui and Tran.  In that case, the Trustee prevailed on a motion to compel Bui and Tran to produce documents.  The Trustee stated that he was now moving for attorney's fees and costs resulting from Bui's, Tran's and Nguyen's "obtrusive behavior leading to the prior motion to compel."

-6-

efforts to void the fraudulent transfers. He questioned Mrs. Pham's need for an interpreter, considering that she had lived in the U.S. for 30 years, attended high school and college here, and had never requested an interpreter at any of the § 341(a) meetings. The Trustee contended that Nguyen, as part of a delay tactic, had repeatedly interfered in Mrs. Pham's deposition, contradicting the interpreter and "correcting" his interpretation of certain questions and answers. Besides the remaining 55 minutes, the Trustee argued he was entitled to an additional two hours of deposition time with Mrs. Pham due to Nguyen's interference.[6]

As for Mr. Pham, the Trustee contended that other than the doctor's note, which he argued was insufficient to excuse Mr. Pham's nonappearance, Nguyen provided no reason why Mr. Pham could not appear for deposition or produce the subpoenaed documents. The Trustee argued that if Mr. Pham wanted relief from the subpoena, he had to move to quash it. Absent such relief, argued the Trustee, he was entitled to depose Mr. Pham for seven hours per Civil Rule 30.[7]

In his request for sanctions, the Trustee contended

---

[6] In reviewing the deposition transcript, which the Trustee failed to produce until his reply, we counted an insignificant number of times where Nguyen tried to clarify or correct a question/answer, mainly because no equivalent word existed in Vietnamese for the English word McDow was using or the interpreter had used terminology different from McDow's. Nguyen's alleged "interference" does not appear to have consisted of more than a few minutes total.

[7] The Trustee contended that Debtors had also refused to produce documents pursuant to the subpoena duces tecum, including readily-available bank statements and tax returns. Appellants contended that Mrs. Pham had nothing left in her custody and possession that she had not already produced at § 341(a) meetings and/or at her deposition.

-7-

Appellants' bad faith conduct had cost the estate approximately $12,000. In particular, the Trustee contended that Nguyen had refused to meet and confer and to provide information for the joint discovery stipulation as required by LBR 7026-1(c)(3). The Trustee argued that LBR 1001-1(f), 7026-1(c)(4) and 9011-3 all provided for imposing sanctions on "counsel or a party" for failing to comply with the local rules, to cooperate in discovery procedures or to provide information necessary to prepare the joint discovery stipulation.

**2. Appellants' opposition**

Appellants opposed the Motion to Compel, countering that it was the Trustee's counsel who failed to show good faith efforts to resolve any discovery disputes. Nguyen contended that on March 19 he believed the Trustee's counsel was no longer interested in taking Mr. Pham's deposition because: (1) he had explained to counsel that Mr. Pham was bed-ridden due to a recent stroke and gave McDow a copy of the doctor's note; (2) during the multiple § 341(a) meetings Mr. Pham recalled little or had no knowledge of the facts at issue in the fraudulent transfer proceeding; and (3) McDow failed to say anything on March 17 about rescheduling Mr. Pham's deposition to March 19 when she knowingly scheduled Mrs. Pham for the same date. Further, counsel had not contacted Nguyen about Mr. Pham's deposition until March 25, after the discovery deadline; the deposition was never re-noticed.

Appellants noted that the Trustee's moving papers failed to provide any evidence showing Nguyen's alleged "interference" with Mrs. Pham's deposition, namely, any excerpts of the transcript or any statements in counsels' declarations. Appellants refuted the

Trustee's accusation that Mrs. Pham was "faking" her need for an interpreter.

Appellants argued that sanctions were not appropriate because a series of mistakes were made by the Trustee's counsel; the March 17 and 19 depositions were carelessly managed and counsel appeared to be either disorganized and reckless or engaging in gamesmanship. Appellants argued that Debtors were the ones entitled to sanctions against the Trustee and his counsel and requested $8,450 for expenses incurred to oppose the Motion to Compel.

**3. The Trustee's reply**

In reply, the Trustee argued that Nguyen had not complied with LBR 7026-1 as contended; he had not met and conferred with counsel to resolve any discovery disputes. The Trustee disputed any contention that Mr. Pham's deposition was taken off calendar based on the doctor's note, which the Trustee maintained provided no excuse for his nonattendance. The Trustee further argued that Debtors had not complied with the subpoena duces tecum as they contended; they had never provided the requested bank statements and tax returns, which may or may not have been in their custody or possession but certainly were under their control.

In conclusion, the Trustee argued he was entitled to reasonable expenses incurred in bringing the Motion to Compel under Civil Rule 37(a)(5)(A). The Trustee stated that he would file a declaration contemporaneously with the lodging of the proposed order showing his expenses to ensure that all were included.

**C.    The bankruptcy court's ruling on the Motion to Compel**

At the hearing on the Motion to Compel, the bankruptcy court stated several times that:  Debtors were the parties "being sued[;]" they had an obligation to disclose everything to the Trustee and were required to answer the Trustee's questions no matter how long it took; and they risked having a judgment entered against them if they did not cooperate and give the Trustee what he needed.  See Hr'g Tr. (June 3, 2014) at 8:8-10; 8:14-15; 11:13-15; 25:13-16; 28:15-19; 38:15-20; 39:9-13.  After ordering Debtors to appear for depositions and to produce the requested documents, the bankruptcy court ruled on the sanctions request.  The following is the extent of its oral ruling:

> THE COURT:  I'm awarding attorney's fees because we shouldn't be here. . . .   You needed to do what the rule said you had to do before we had to come here to court.
>
> . . . .
>
> THE COURT:  You didn't do what you were supposed to do and that as a lawyer is not forgivable at this point.  You should know better.  You are — have a state Bar card.  You are supposed to do what you're supposed to do as a lawyer and you were supposed to do many things that you didn't do before coming here today.
>
> So I'm going to go ahead and grant on #14.00 [the Motion to Compel] [] attendance, the production of documents and the awarding of attorney's fees.

Id. at 42:16-17; 43:3-5; 43:11-19.

The Trustee submitted a proposed order for the Motion to Compel, which stated that Appellants were ordered to pay the Trustee "the sum of $__ . . . as a sanction for abusive conduct in the course of discovery pursuant to Local Bankruptcy Rules 1001-1(f), 7026-1(c), and 9011-3[.]"  In support, Delaney submitted a declaration setting forth the total amount of the Trustee's fees

-10-

associated with preparing and prosecuting the Motion to Compel —
$17,515. Delaney expressly waived any right to costs.

Appellants objected to the proposed order, arguing that the Trustee's increased attorney's fee request of $17,515 was not presented until **after** the hearing, which denied their due process rights. Appellants further contended that awarding the sanction of attorney's fees was contrary to the Panel's recent decision in Stipp v. CML-NV One, LLC (In re Plise), 506 B.R. 870 (9th Cir. BAP 2014), which Appellants contended held that a court may not order a nonparty to pay sanctions for discovery violations under Civil Rule 37.

In reply, the Trustee disputed any violation of Appellants due process rights; he had stated in the Motion to Compel that he would seek payment of all fees and costs relating to preparing and prosecuting the Motion to Compel, including any future fees and expenses. Further, argued the Trustee, Appellants were given ample opportunity at the hearing to present their arguments on the matter. The Trustee also disputed the applicability of Plise, noting that the bankruptcy court awarded sanctions under LBR 1001-1(f), 7026-1(c)(4) and 9011-3, not Civil Rule 37.

Making minor changes to the proposed order, the bankruptcy court entered its order granting the Motion to Compel ("Compel Order"). Appellants were ordered to pay the Trustee $17,515 "as a sanction for abusive conduct in the course of discovery pursuant to Local Bankruptcy Rules 1001-1(f), 7026-1(c), and 9011-3[.]"

## II. JURISDICTION

The bankruptcy court had jurisdiction under 28 U.S.C. §§ 1334 and 157(b)(2)(A). As to the portion of the Compel Order awarding

-11-

sanctions, the order is sufficiently final for immediate appeal. In re Plise, 506 B.R. at 876 (citing Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 n.3 (9th Cir. 1983)(orders imposing sanctions on nonparties for failure to comply with discovery are considered final for purposes of appeal)). Out of an abundance of caution, however, we granted Appellants leave to appeal the Compel Order. Therefore, we have jurisdiction under 28 U.S.C. § 158.

### III. ISSUE

Did the bankruptcy court abuse its discretion when it imposed the sanction of attorney's fees against Appellants for discovery abuse under LBR 1001-1(f), 7026-1(c) and 9011-3?

### IV. STANDARDS OF REVIEW

The imposition of discovery sanctions is reviewed for abuse of discretion. In re Plise, 506 B.R. at 876 (citing Freeman v. San Diego Ass'n of Realtors, 322 F.3d 1133, 1156 (9th Cir. 2003)). A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if its factual findings are clearly erroneous. TrafficSchool.com, Inc. v. Edriver Inc., 653 F.3d 820, 832 (9th Cir. 2011).

The validity of a local court rule is a question of law reviewed de novo. Steinacher v. Rojas (In re Steinacher), 283 B.R. 768, 771-72 (9th Cir. BAP 2002)(citing Jones v. Hill (In re Hill), 811 F.2d 484, 485-86 (9th Cir. 1987)).

### V. DISCUSSION

**The bankruptcy court abused its discretion in sanctioning Appellants under LBR 1001-1(f), 7026-1(c) and 9011-3.**

During the hearing on the Motion to Compel, the bankruptcy

-12-

court stated repeatedly that Debtors are debtors in bankruptcy and subject to duties to disclose certain information to their appointed trustee. See § 521. We do not question this important statutory obligation imposed on debtors. However, the court also stated repeatedly that Debtors were "being sued." In this adversary proceeding, the Trustee did **not** sue the Debtors; they were nonparty witnesses. Also, the Trustee was not operating under Rule 2004 to obtain their examination or the production of documents. In these circumstances, Debtors were entitled to the protections provided them as nonparty witnesses under the Federal Rules of Civil Procedure and the Bankruptcy Rules, particularly Civil Rule 45 and Rule 9016 (incorporating Civil Rule 45), which were cited in the issued subpeonas.

Further, we fail to see how Nguyen, an attorney for a nonparty, would be subject to complying with a "meeting of counsel," a "joint discovery stipulation" or any other aspect of discovery by the Trustee under Civil Rule 26 or LBR 7026-1(c).

Appellants argue that the bankruptcy court erred by failing to apply the proper procedure afforded nonparties when imposing sanctions for noncompliance with a subpoena under Civil Rule 45. Specifically, Appellants argue that the procedure followed here conflicts with our holding in Plise. There, a creditor of the debtor served a nonparty witness with a subpoena compelling him to appear for a Rule 2004 examination and to produce documents. In re Plise, 506 B.R. at 872-73. The nonparty witness timely served his written objections to the subpoena duces tecum on the creditor and later moved for a protective order. Id. at 873-74. In response, the creditor filed a countermotion to compel and

-13-

requested attorney's fees. Id. at 874-75. The bankruptcy court denied the nonparty's motion for protective order, granted the creditor's countermotion to compel and awarded the creditor $10,000 for its attorney's fees incurred in bringing the countermotion to compel pursuant to Civil Rule 37(a)(5). Id. at 876.

We reversed, holding that the sanction of attorney's fees could not be imposed on a nonparty witness for noncompliance with a subpoena duces tecum under Civil Rule 37 (incorporated by Rule 7037); rather, Civil Rule 45 is the sole basis for enforcing a nonparty's noncompliance with a subpoena duces tecum. Id. at 877-79. See also Civil Rule 34(c), incorporated by Rule 7034, which provides that motions to compel a nonparty to produce documents are governed by Civil Rule 45. Under Civil Rule 45, the nonparty must first be subject to an order compelling discovery and then fail to comply with that order before the court can invoke its contempt powers and impose a sanction of attorney's fees. Id. See also Pennwalt Corp., 708 F.2d at 494.

Our holding in Plise is narrower than Appellants contend. First, to receive the procedural protections of Civil Rule 45, the nonparty witness must timely object to a subpoena duces tecum, either by serving written objections to the requesting party or by a motion to quash. In re Plise, 506 B.R. at 879. See also Pennwalt Corp., 708 F.2d at 494 n.5 (once the subpoenaed party objects, the protections of Civil Rule 45(d) come into play and the party seeking discovery must obtain a court order directing compliance). Debtors did not serve any written objections on the Trustee regarding production of the requested documents or file a

-14-

motion to quash.

Next, for a subpoenaed nonparty's failure to attend a deposition, Civil Rule 37(a)(5) authorizes an award of expenses, including attorney's fees, incurred for a motion to compel the nonparty's attendance. Pennwalt Corp., 708 F.2d at 494 n.4 (Civil Rule 37 sanctions apply to motions to compel nonparties to attend depositions); Civil Rule 37(a)(5)(A) (expressly referencing a "party or deponent" and stating that the sanction of attorney's fees may be imposed on the party, the deponent, the attorney advising the party or deponent whose conduct necessitated the motion to compel, or both). See also Civil Rule 30(d)(2), incorporated by Rule 7030, which provides that the court may impose a sanction of reasonable attorney's fees incurred by any party on a "person" who impedes, delays or frustrates the fair examination of a deponent; and Civil Rule 30(d)(3)(C), which provides that any such sanction is governed by Civil Rule 37(a)(5). In this case, much of the conflict stemmed from securing Debtors' appearance for depositions and Nguyen's alleged interference with Mrs. Pham's deposition.

Debtors and Nguyen could have been sanctioned for attorney's fees under Civil Rule 37(a)(5) for any failure to comply with the subpoenas. The bankruptcy court, however, did not impose sanctions under Civil Rule 37(a)(5), but rather relied on three local rules to impose them. We conclude that none of these local rules support the sanction of attorney's fees in this context. We review them in reverse order.

**A.    The bankruptcy court could not rely on LBR 9011-3.**

LBR 9011-3(a) — Violation of Rules[8] — provides that violation of the Rules or the LBR may subject the offending party or counsel to penalties, including the monetary sanction of attorney's fees and costs payable to opposing counsel.  In other words, this rule allows the bankruptcy court to impose sanctions for **any** infraction of a local or federal bankruptcy rule.  However, Rule 9011 (incorporating Civil Rule 11), expressly prohibits the use of this rule to sanction violations respecting "disclosure and discovery requests, responses, objections, and motions that are subject to the provisions of Rules 7026 through 7037."  See Rule 9011(d).

In adopting the Code, Congress delegated to the Supreme Court the power to make and enforce general bankruptcy rules.  28 U.S.C. § 2071.  Pursuant to this authority, the Supreme Court promulgated Rule 9029,[9] which authorizes district courts, or bankruptcy courts

---

[8] **Violation of Rules.** The violation of, or failure to conform to, the [Fed. R. Bankr. P] or these rules may subject the offending party or counsel to penalties, including monetary sanctions, the imposition of costs and attorneys' fees payable to opposing counsel, and/or dismissal of the case or proceeding.

[9] Rule 9029(a) provides, in relevant part:

(1) Each district court acting by a majority of its district judges may make and amend rules governing practice and procedure in all cases and proceedings within the district court's bankruptcy jurisdiction which are consistent with — but not duplicative of — Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms. Rule 83 F.R.Civ.P. governs the procedure for making local rules.  A district court may authorize the bankruptcy judges of the district, subject to any limitation or condition it may prescribe and the requirements of [Rule] 83 F.R.Civ.P., to make and amend rules of practice and procedure which are consistent with — but not duplicative of — Acts of Congress and these rules and which do not prohibit or limit the use of the Official Forms.  Local rules shall conform to any uniform numbering system prescribed by the Judicial Conference of the United States.

with authority from the district courts, to adopt their own local bankruptcy rules. <u>In re Steinacher</u>, 283 B.R. at 772. Under Rule 9029, however, this power is strictly limited. <u>Sigma Micro Corp. v. Healthcentral.com (In re Healthcentral.com)</u>, 504 F.3d 775, 784 (9th Cir. 2007)(citing 10 COLLIER ON BANKRUPTCY ¶ 9029.01[1](Alan N. Resnick & Henry J. Sommer, eds., 15th ed. rev. 2006)). A local rule of bankruptcy procedure cannot be applied in a manner that conflicts with the federal rules; it must be consistent with the Code, the Rules and the Civil Rules. <u>Anwar v. Johnson</u>, 720 F.3d 1183, 1189 (9th Cir. 2013); <u>In re Steinacher</u>, 283 B.R. at 772. Local bankruptcy rules may not "enlarge, abridge, or modify any substantive right." <u>Anwar</u>, 720 F.3d at 1189 (citing <u>Sunahara v. Burchard (In re Sunahara)</u>, 326 B.R. 768, 782 (9th Cir. BAP 2005)). Any local rule that is inconsistent with the Acts of Congress and the Rules must be held invalid. <u>In re Healthcentral.com</u>, 504 F.3d at 784; <u>In re Sunahara</u>, 326 B.R. at 783.

To the extent LBR 9011-3 conflicts with Rule 9011 in authorizing sanctions for discovery violations, it is invalid. If LBR 9011-3 is not intended to be used to support a sanction for attorney's fees respecting discovery abuse, clearly the bankruptcy court abused its discretion in applying it in this context to Appellants. Either way, LBR 9011-3 cannot support the sanction.

**B.    The bankruptcy court could not rely on LBR 7026-1(c).**

LBR 7026-1(c), specifically (c)(4)[10] — Cooperation of Counsel;

_____

[10]    <u>Cooperation of Counsel; Sanctions</u>. The failure of any counsel either to cooperate in this procedure, to attend the meeting of counsel, or to provide the moving party the information necessary to prepare the stipulation required by this rule within 7 days of the meeting of counsel will result in the imposition of sanctions, including the sanctions authorized by [Rule] 7037 and LBR 9011-3.

-17-

Sanctions — allows the bankruptcy court to impose sanctions on counsel who fail to cooperate in disclosure or discovery, to attend the meeting of counsel or to provide the moving party the information necessary to prepare the stipulation required by LBR 7026-1. For awarding the sanction of attorney's fees, LBR 7026-1(c)(4) relies, in part, on the sanction authority authorized by LBR 9011-3, which we have determined conflicts with Rule 9001's express prohibition of sanctions relating to discovery abuse.

As noted above, we fail to see how the requirements of LBR 7026-1 apply to counsel for a nonparty. However, even if they do, two problems exist. First, the attorney's fees were imposed jointly and severally on Nguyen and Debtors; LBR 7026-1(c)(4) expressly applies only to counsel. Second, and more importantly, no such sanction is authorized by Rule 7026 (incorporating Civil Rule 26). Civil Rule 26 — the rule governing discovery generally — expressly provides that Civil Rule 37(a)(5) governs the award of expenses in connection with requests for protective orders and/or successful oppositions thereto. See Civil Rule 26(c)(3).

Civil Rule 26 does not provide for the imposition of sanctions except in one circumstance — improper certification in signing disclosure and discovery requests, responses and objections. See Civil Rule 26(g)(3). Improper certification was not an issue here. Thus, because Rule 7026 does not expressly provide for sanctions for discovery abuse, in particular attorney's fees with respect to a motion for a protective order, opposition thereto, or a motion to compel, neither can LBR 7026-1. To the extent LBR 7026-1(c)(4) is inconsistent with Rule 7026, it is invalid and cannot support the sanction of attorney's fees.

**C. The bankruptcy court could not rely on LBR 1001-1(f).**

LBR 1001-1(f)[11] is a "catch all" rule providing for the sanction of attorney's fees for the failure of "counsel or of a party" to comply with the LBRs, the Civil Rules or the Rules, or with any order of the bankruptcy court. Rule 1001, the rule from which LBR 1001-1(f) is derived, provides for the scope of the Rules and Bankruptcy Forms and states that the Rules and Forms govern procedure in bankruptcy cases. Rule 1001 does not expressly authorize sanctions for violating other federal rules. Therefore, LBR 1001-1(f) is inconsistent with Rule 1001 in that it grants the court sanction authority not provided for in Rule 1001. Thus, it is invalid, and the bankruptcy court could not rely on this local rule to sanction Appellants.

In summary, the bankruptcy court abused its discretion when it imposed the sanction of attorney's fees against Appellants for alleged discovery abuse under LBR 1001-1(f), 7026-1(c) and 9011-3. Although the court could have sanctioned Appellants under Rule 7037, and we can affirm on any basis supported by the record, the insufficient findings made by the bankruptcy court prevent us from doing so. We are particularly concerned about the court's erroneous assumptions that may have caused it to err in awarding sanctions in the first place: that Debtors were parties to the adversary proceeding; and that because they are debtors they are not entitled to the protections afforded nonparties in discovery under the Rules.

The Motion to Compel was a contested motion under Rule 9014

---

[11] **Sanctions for Noncompliance with Rules.** The failure of counsel or of a party to comply with these Local Bankruptcy Rules, with the F.R.Civ.P. or the [Fed. R. Bankr. P.], or with any order of the court may be grounds for the imposition of sanctions.

-19-

and subject to Civil Rule 52(a) (incorporated by Rule 7052), which requires the bankruptcy court to find facts specifically and state its conclusions of law separately. <u>First Yorkshire Holdings, Inc. v. Pacifica L 22 (In re First Yorkshire Holdings, Inc.)</u>, 470 B.R. 864, 870 (9th Cir. BAP 2012). The bankruptcy court's findings, made at the hearing, merely state that Nguyen (not Debtors) failed to comply with discovery, namely, LBR 7026-1. We conclude that LBR 7026-1, as promulgated, imposes obligations, such as "meet and confer" and "joint discovery stipulation" on parties but not on nonparties. Further, the Compel Order provides no findings of fact to support the court's decision to sanction Appellants for "abusive conduct in the course of discovery."

## VI. CONCLUSION

Accordingly, because the bankruptcy court applied incorrect standards of law and failed to make the necessary findings required under Rule 7052 for us to affirm under Rule 37, we VACATE and REMAND the Compel Order for further proceedings consistent with this opinion.[12]

---

[12] Because we are vacating and remanding the Compel Order, we need not address Appellants' argument that they were denied due process because the Trustee failed to present his fees evidence until after the bankruptcy court had already awarded them.

-20-