**FILED**



JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

MELINDA BEVERLY; SCHIFF AND
SHELTON, Attorneys at Law,

               Respondents-Appellants,

  v.

INTERIOR ELECTRIC INCORPORATED
NEVADA,

               Movant-Appellee.

No.    21-55645

D.C. No.
5:20-mc-00024-JGB-SP
Central District of California,
Riverside

ORDER

Before:  BERZON, R. NELSON, and BADE, Circuit Judges.

Appellee Interior Electric's motion to clarify the disposition, Dkt. 49, is

**GRANTED**.  Concurrent with this order, the panel will file an amended

memorandum disposition reflecting that the appeal was dismissed as to Appellant

Beverly, and the district court's order was reversed and vacated as to Appellant

Schiff & Shelton.

NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JAN 23 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MELINDA BEVERLY; SCHIFF AND SHELTON, Attorneys at Law, <br><br> Respondents-Appellants, <br><br> v. <br><br> INTERIOR ELECTRIC INCORPORATED NEVADA, <br><br> Movant-Appellee. | No.    21-55645 <br><br> D.C. No. 5:20-mc-00024-JGB-SP <br><br><br> AMENDED MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Sheri Pym, Magistrate Judge, Presiding

Submitted December 7, 2022[**]
Pasadena, California

Before: BERZON, R. NELSON, and BADE, Circuit Judges.

This matter arises out of a commercial dispute filed in the District of

Nevada.  *See Interior Elec. Inc., Nev. v. T.W.C. Constr., Inc.*, Dkt. 1, No. 18-1118

(D. Nev. June 2, 2018).  In that case, Interior Electric Inc. ("Interior") served non-

---

[*]       This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]       The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

parties Melinda Beverly ("Beverly") and the law firm Schiff & Shelton ("S&S") with subpoenas duces tecum.[1] Interior eventually filed, in the Central District of California, a motion to compel production of documents under Rule 45 of the Federal Rules of Civil Procedure and for attorney's fees incurred in bringing the motion. The district court granted the motion to compel, and cited Rule 45 in that order. A few months later, the district court granted Interior's request for attorney's fees, but the court cited Rule 37(b)(2)(C) in that order. The district court, however, did not find the non-parties in contempt, either in the order granting the motion to compel or in the later order granting Interior's request for attorney's fees.

On appeal, S&S contends that the district court improperly awarded sanctions for failure to comply with the subpoenas without making a finding of contempt or affording S&S an opportunity to be heard.[2] We have jurisdiction under 28 U.S.C. § 1291. *Telluride Mgmt. Sols., Inc. v. Telluride Inv. Grp.*, 55 F.3d

---

[1] Because the parties are familiar with the facts, we do not discuss them at length.

[2] We decline to apply waiver to preclude S&S from making its arguments on appeal. We "may consider issues not presented to the district court, although we are not required to do so." *In re Mercury Interactive Corp. Sec. Litig.*, 618 F.3d 988, 992 (9th Cir. 2010). Relevantly, the court may consider a previously unraised issue when it presents a pure issue of law, and the record has been fully developed. *Id.* Here, the district court's interpretation and application of the Federal Rules of Civil Procedure is a pure question of law. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 472 (9th Cir. 1992).

463, 465 (9th Cir. 1995), *abrogated on other grounds by Cunningham v. Hamilton County*, 527 U.S. 198 (1999) ("An order compelling a nonparty to pay attorney's fees and costs is a final order reviewable under 28 U.S.C. § 1291."). We review de novo the district court's interpretation and application of the Federal Rules of Civil Procedure. *Oja v. U.S. Army Corps of Engineers*, 440 F.3d 1122, 1127 (9th Cir. 2006). We reverse and vacate the order awarding attorney's fees.

1. The district court cited Rule 45 as the basis for granting Interior's motion to compel the non-parties' compliance with the subpoenas, but inexplicably, and without a finding of contempt, the court relied on Rule 37(b)(2)(C) in its order granting Interior's request for attorneys' fees. Because Rule 45 provides the only basis to sanction non-parties for failing to comply with a subpoena duces tecum, the district court erred by relying on Rule 37(b)(2)(C) to order the non-parties to pay Interior's attorney's fees.

Generally, a district court has inherent power to enforce compliance with its lawful orders through civil contempt sanctions, including attorney's fees. *See, e.g.*, *Shillitani v. United States*, 384 U.S. 364, 370–71 (1966). But "[t]he only authority in the Federal Rules of Civil Procedure for the imposition of sanctions against a nonparty for failure to comply with a subpoena duces tecum is Rule 45." *Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 (9th Cir. 1983). Rule 45, in turn, provides that the court may hold a non-party in contempt for failure to obey a

3

subpoena or a subpoena-related order, Fed. R. Civ. P. 45(g), but it does not independently provide for the award of attorneys' fees as a sanction.

In contrast, Rule 37(b)(2)(C), by its terms, only applies to parties. Fed. R. Civ. P. 37(b)(2)(C) (explaining that if a party fails to comply with discovery orders, in addition to other orders, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust"); *see also* 7 Moore's Federal Practice § 37.40 (3d ed. 1997)) ("[O]nly Rule 37(b)(1), governing a deponent's failure to be sworn or to answer a question after being directed to do so by the court, applies to nonparties. Rule 37(b)(2), governing all other failures to obey discovery orders, does not apply to nonparties.").

Sanctions were therefore only available against the non-parties under Rule 45, after a contempt finding and notice and an opportunity to be heard.[3] *See, e.g.*, *In re Plise*, 506 B.R. 870, 878–79 (B.A.P. 9th Cir. 2014) (concluding that a finding of contempt must precede a sanctions order); Fed. R. Civ. P. 45, Advisory Committee Notes, 2013 Amendment, Subdivision (g) ("[I]t would be rare for a

---

[3] Interior emphasizes that the "bases for [its] request for fees were clearly not [Rule] 37," and that its motion explicitly cited and relied upon Rule 45. Thus, Interior acknowledges that Rule 37 was not the proper basis for the district court's order, which in effect sanctioned the non-parties for failing to comply with a subpoena.

court to use contempt sanctions without first ordering compliance with a subpoena, and the order might not require all the compliance sought by the subpoena. Often contempt proceedings will be initiated by an order to show cause, and an order to comply or be held in contempt may modify the subpoena's command. Disobedience of such an order may be treated as contempt.").

2.      Interior argues that "the district court's citation to [Rule] 37, rather than to [Rule] 45, constitutes a harmless error because the fee award was inevitable," and because the non-parties were not entitled to a hearing. We disagree. The district court's erroneous citation to Rule 37 and its failure to follow the procedures of Rule 45 were not harmless errors. Although a court may enter a finding of civil contempt without the benefit of "a full-blown evidentiary hearing," *United States v. Ayres*, 166 F.3d 991, 995 (9th Cir. 1999), the district court here did not (1) order contempt briefing or hold a show cause hearing at which the non-parties could have explained any inability to comply with the order granting the motion to compel, or (2) find the non-parties in contempt in its order awarding attorney's fees, or at any other point. *Cf. Peterson v. Highland Music, Inc.*, 140 F.3d 1313, 1324 (9th Cir. 1998). Thus, the district court did not provide the non-parties with sufficient notice and an opportunity to be heard before ordering them to pay attorney's fees as a sanction for their failure to comply with the subpoenas.

Moreover, it is not clear from the record that the non-parties, in fact, failed

5

to comply with the subpoenas or had an obligation to produce documents they did not possess. The district court acknowledged that S&S may not have possessed the requested documents and directed S&S to file a responsive declaration clarifying whether the documents were produced. In response, S&S filed a declaration, explaining that "[t]his firm has provided all documents in its possession, custody and control that may be responsive to the subject subpoena," that the other documents sought were not in S&S's possession, and that Interior might obtain additional responsive documents directly from the persons who possessed them. But the district court did not provide notice to the non-parties that this explanation was insufficient, issue an order to show cause, or hold a hearing to develop more information about the non-parties' compliance. Thus, the district court's error in applying Rule 37(b)(2)(C) to award attorney's fees against the non-parties was not harmless.

3.      Finally, under Ninth Circuit Rule 42-1, this court may dismiss an appellant who fails to timely file a brief. Because Beverly did not file an opening brief, her appeal is dismissed for failure to prosecute. *See Blixseth v. Credit Suisse*, 961 F.3d 1074, 1080 (9th Cir. 2020) ("We routinely dismiss cases pursuant to Rule 42-1 when an appellant fails to file an opening brief.").

**APPEAL DISMISSED as to Beverly, REVERSED AND VACATED as to S&S.**